IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS STEWART | § | |
| (TDCJ No. 571499), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-712-L-BN |
| | § | |
| UNKNOWN ELLIS COUNTY | § | |
| SHERIFF'S DEPUTIES, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference

from United States District Judge Sam A. Lindsay. The undersigned issues the

following findings of fact, conclusions of law, and recommendation that the Court

should summarily dismiss this action without prejudice pursuant to 28 U.S.C. §

1915(g) unless Plaintiff Thomas Stewart pays the full filing fee of $400.00 within the

time for filing objections to this recommendation or by some other deadline established

by the Court.

**Background**

Stewart, a Texas prisoner, has been sanctioned and barred by district courts in

this circuit and by the United States Court of Appeals for the Fifth Circuit:

On July 6, 1998, the Fifth Circuit Court of Appeals sanctioned Plaintiff
Thomas Gilmore Stewart and "barred [him] from filing any pleadings or

documents of any kind, either in the district courts of this circuit or in
this court, without advance written permission of a judge of the forum
court." *Stewart v. Mesquite*, No. 96-10931 (5th Cir. 1998). On June 2,
2000, the Fifth Circuit imposed a monetary sanction of $105 on Plaintiff
and warned him that any attempt to file frivolous pleadings in the future
will result in further sanction. *In re Stewart*, No. 99-11072 (5th Cir.
2000).

*Stewart v. Smith*, No. 3:07-cv-1991-L (N.D. Tex.), Dkt. No. 4 at 1 (recommending that

action be administratively closed), *rec. adopted*, Dkt. No. 7 (Jan. 7, 2008); *see also*

*Stewart v. Sheely*, No. 6:10-cv-1992-WSS (W.D. Tex. May 9, 2011), Dkt. No. 22 at 2

("Plaintiff has on three prior occasions, while incarcerated or detained, brought an

action or an appeal in a court of the United States that was dismissed on the grounds

that it was frivolous or failed to state a claim upon which relief may be granted. *See*

*Stewart v. Scott*, Civil No. 97-CV-175 (E.D. Tex. Nov. 24, 1998); *Stewart v. Mesquite*

*Police Dep't*, Appeal No. 96-10931 (5th Cir. July 6, 1988); *Stewart v. Mesquite Police*

*Dep't*, Appeal No. 95-11103 (5th Cir. Oct. 10, 1996)."); *id.* at 2 n.1 (further noting that

"[t]he Fifth Circuit Court of Appeals listed Plaintiff's three strikes in *In re Stewart*,

Appeal No. 99-00074 (5th Cir. Dec. 13, 1999)")).

Through his complaint and supplement, Stewart admits that he is a "sanctioned

litigant," but he nevertheless requests leave "to file suit against" four unknown officers

involved in his arrest in March 2014, on the basis that they illegally detained him,

illegally searched his truck, and caused damage to his right shoulder, as well as

against his former attorney and a Texas state judge for "fraudulently conceal[ing] the

conduct of the arresting officers" and, as against the attorney only, for ineffective

assistance related to the alleged "fraudulent concealment." Dkt. No. 2 at 1. Stewart

seeks $150,000 in compensatory damages from each defendant, and he seeks an additional $250,000 in punitive damages from his former attorney.

Stewart has neither moved for leave to proceed *in forma pauperis* nor paid the applicable filing fee.

### Legal Standards and Analysis

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

Stewart has acknowledged that he must request and receive permission from the Court before proceeding with this lawsuit, but, for the reasons recounted above,

Stewart's current filing undoubtedly also falls under the three-strikes provision. Under Section 1915(g), he therefore  may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint, seeking monetary damages based on events that occurred some two years ago, lacks specific facts to show that he is under such a threat as to overcome Section 1915(g). As such, Stewart should be barred from proceeding *in forma pauperis. See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

### Recommendation

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Stewart pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 18, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE